IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRAZOS MIDSTREAM HOLDINGS II, LLC, | § |
| | § |
| Plaintiff, | §   CIVIL ACTION NO. |
| | § |
| v. | § |
| | § |
| CARACARA SERVICES, LLC and | §   **JURY TRIAL DEMANDED** |
| BRAZOS AMINE TREATER, LLC, | § |
| | § |
| Defendants. | § |
| | § |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Brazos Midstream Holdings II, LLC (hereinafter collectively referred to as "Plaintiff" or "Brazos Midstream"), alleges the following facts in support of this action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act"); for trademark dilution under Chapter 16 of the Texas Business and Commerce Code; and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

I.  **NATURE OF THE ACTION**

1. Brazos Midstream operates one of the largest privately-held full-service midstream companies with significant operations comprising crude oil and natural gas assets located in the Southern Delaware Basin within Ward, Reeves, Pecos, Loving, and Winkler counties and throughout the Permian Basin. Soon after its creation in late 2014, Brazos Midstream began conducting business under the marks and names "Brazos Midstream" and "Brazos" (collectively, the "Brazos Marks"). Through a strategy of aggressive growth and acquisition, Brazos Midstream has become a premier midstream services provider with a diverse asset portfolio, including pipelines, gathering infrastructure, natural gas treatment facilities, specifically including amine

treatment facilities, processing plants and storage terminals for natural gas and oil. Through continuous and extensive use for more than eight years, the Brazos Marks have achieved a high degree of favorable recognition among Brazos Midstream's customers and other regional, national and international oil and gas companies.

2.      Defendant, Caracara Services, LLC ("Caracara"), recently announced the formation of a joint venture with Battalion Oil Corporation to build and operate a natural gas treatment facility in the Delaware Basin. In 2022, the joint venture launched operations under "Brazos Amine Treater", a mark and name confusingly similar the well-known "Brazos Midstream" mark. On information and belief, Defendants Caracara and Brazos Amine Treater, LLC ("Brazos Amine Treater") collectively market and operate Brazos Amine Treater, an amine treatment facility for the removal of carbon dioxide and hydrogen sulfide from natural gas, in direct competition with and within 7.2 miles of existing Brazos Midstream operations and Brazos Midstream's natural gas treatment facilities, which also includes amine treatment. Defendants market services under the "Brazos Amine Treater" mark to natural gas exploration and production ("E&P") companies with operations in West Texas – a customer base Brazos Midstream has serviced for years.

3.      On information and belief, Defendants are attempting to gain a leg up in the highly competitive midstream natural gas business through use of a deceptive mark that mimics Brazos Midstream's Brazos Marks, which use, at the same time, destroys the distinctiveness of the Brazos Marks in the midstream services industry. Defendants' copying of Brazos Midstream's distinctive marks is likely to confuse customers and other members of the relevant public as to the source or sponsorship of Defendants' natural gas midstream services, or to lead customers and others to believe incorrectly that Defendants are authorized by, sponsored by, or affiliated with Brazos Midstream, or that Brazos Amine Treater is yet the latest addition to Brazos Midstream's extensive

midstream asset portfolio. The "Brazos Amine Treater" mark has diluted and is likely to continue to dilute the distinctiveness of Brazos Midstream's Brazos Marks, if not enjoined.

## II.  JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the federal law claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. The Court has personal jurisdiction over Defendants. Defendants have engaged in a continuous and systemic course of doing business in Texas, and, on information and belief, a substantial portion of the activities complained of herein have occurred and continue to occur in this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 because defendant has committed and continues to commit tortious acts in this judicial district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

## III.  THE PARTIES

7. Plaintiff Brazos Midstream Holding II, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware with a principal place of business at 777 Main Street, Suite 3700, Fort Worth, Texas.

8. Brazos Midstream is informed and believes that defendant Caracara Services, LLC is a domestic limited liability company organized and existing under the laws of the State of Texas. Caracara Services, LLC's filings with the Texas Secretary of State identify its address as 1650

Airport Dr., Hngr 2100, Cleburne, Texas 76033.  Caracara's website identifies its address as 7701 Lemmon Avenue, Dallas, Texas.  Both addresses are in this District.  Caracara's Texas Secretary of State Filings identify its registered agent as A. Joe Mitchell Jr., who may be served at 1650 Airport Dr., Hanger 2100, Cleburne, Texas 76033.  Like Brazos Midstream, Caracara owns and operates amine treating and related infrastructure for the provision of processing services to oil and gas operators.

9. Brazos Midstream is informed and believes that defendant Brazos Amine Treater, LLC is a domestic limited liability company organized and existing under the laws of the State of Texas, with an address of 3505 West Sam Houston Parkway N., Suite 300, Houston, Texas.  Brazos Amine Treater's Secretary of State Filings identify its registered agent as Connie Mitchell, who may be served at 1650 Airport Dr., Hanger 2100, Cleburne, Texas 76033.

10. Caracara has promoted and continues to promote defendant Brazos Amine Treater as "a Caracara Services company."

## IV.  BRAZOS MIDSTREAM AND ITS BUSINESS

11. In late 2014, Brad Iles, William Butler, Stephen Luskey and Ryan Jaggi, four seasoned professionals in the midstream industry, co-founded plaintiff, Brazos Midstream. In 2015, Brazos Midstream partnered with Old Ironsides Energy, LLC to pursue the acquisition and development of midstream infrastructure across the United States, with a focus on the development of crude oil and natural gas gathering, treating and processing infrastructure assets.

12. Brazos Midstream immediately launched a strategic plan of aggressive growth and expansion.  Through several strategic corporate acquisitions, including Jetta Operating Company's midstream assets and other greenfield projects, Brazos Midstream, by 2016, had established an operational footprint in the Southern Delaware Basin in West Texas.  In 2017, Brazos Midstream entered a multi-year period of expansion of its operations in the Delaware Basin, operating a gas

processing complex consisting of three natural gas processing plants, approximately 800 miles of oil and gas pipeline and two crude oil storage facilities. In 2018, Morgan Stanley Infrastructure Partners acquired the Brazos Midstream business, as well as the Brazos Marks, for $1.75 billion dollars and soon after Brazos Midstream acquired additional Delaware Basin assets from the Williams Companies in exchange for equity in Brazos Midstream. Today, Brazos Midstream has contracted with approximately 30 upstream producers to provide midstream services across 500,000 of dedicated acres in the Delaware Basin.

### V.   THE BRAZOS MARKS

13.    Continuously from 2015 to date, Brazos Midstream has operated under the Brazos Marks. Brazos Midstream markets its services in industry publications such as Oil & Gas Investor, through press releases and social media outlets. Reputation and word of mouth endorsements are critical in the midstream industry, and customers and media outlets also frequently refer to Brazos Midstream as simply "Brazos".

14.    The Brazos Marks are inherently distinctive as applied to the subject services and serves to identify and indicate the source of Brazos Midstream's services to the consuming public. Brazos also operates multiple subsidiaries with the name "Brazos," such as "Brazos Delaware II, LLC." See Exhibit 4, an article from the May, 2023 issue of the industry publication *Oil and Gas Investor*.

15.    The Brazos Marks have been used and continue to be used prominently, including on the www.brazosmidstream.com website, owned and operated by Brazos Midstream. A screenshot of Brazos Midstream's web site, showing its use of both the "Brazos Midstream" and the "Brazos" marks, is set forth below:



16.     Brazos Midstream has spent hundreds of thousands of dollars advertising and promoting its Brazos business and Brazos Marks, marks that have been used as the primary identifying symbols of the business for 8 years.  In addition to the significant equity investments made by Morgan Stanley Infrastructure, Brazos Midstream has secured more than $850 million in public debt financings to build its business and its brand, and that brand is directly tied to the Brazos Marks.

17.     As a result of these efforts and the success of Brazos Midstream's business, the Brazos Marks are distinctive, famous and have come to identify the services of Brazos Midstream in the minds of customers and investors and the midstream industry at large, particularly in Texas. The results of Brazos Midstream's investment is tangible and substantial: the "Brazos Marks," as well as Brazos Midstream's excellent service, have attracted leading international E&P companies, and have generated enormous goodwill.  Through its efforts and expenditures, Brazos Midstream has established itself in the marketplace a reliable, successful and innovative midstream company.

18. As a result of Brazos Midstream's long use and promotion of the Brazos Marks, the company has generated extremely valuable rights in the marks as an indicator of source of its services.

19. Brazos Midstream has taken many steps to protect its valuable Brazos Marks. For example, Brazos Midstream owns U.S. Application Serial Nos. 97/793,814 and 97/793,818 for its "Brazos Midstream" word mark and "Brazos Midstream" logo and U.S. Application Serial No. 98/007,445 for its "Brazos" word mark. Attached as Exhibits 1, 2, and 3 are true and correct copies of information regarding the applications owned by Brazos Midstream from the Trademark Electronic Search System (TESS) database of the United States Patent and Trademark Office.

### III.     DEFENDANTS' INFRINGING ACTIVITIES

20. In 2022, long after Brazos Midstream had established itself and invested substantial amounts of money and time promoting its services through the Brazos Marks, Defendant Caracara, in a joint venture with Battalion Oil Corporation, launched a midstream natural gas treating business under the mark "Brazos Amine Treater". On information and belief, this company, defendant Brazos Amine Treater, operates in West Texas in the Delaware Basin, Brazos Midstream's key market.

21. Caracara markets Brazos Amine Treater's services and describes the company in public facing communications as "Brazos Amine Treater, a Caracara company." On information and belief, Brazos Amine Treater's services are provided to customers under the auspices of Caracara, and Caracara directed and otherwise participated in the selection and use of the "Brazos Amine Treater" mark. A screen shot of Defendants' web site is set forth below:



22.     Brazos Midstream's first use of the Brazos Marks in 2015 long predates Defendants' use of "Brazos Amine Treater". Priority of use is not in issue.

23.     On information and belief, Defendants' simulation of the Brazos Marks for overlapping natural gas treating services is deliberate and calculated to damage Brazos Midstream, its marks, its business and its goodwill. Brazos Midstream and its counsel have informed Defendants of it rights in the Brazos Marks and demanded that use of "Brazos Amine Treater" be terminated, but the infringing use of "Brazos Amine Treater" continues.

24.     Defendants are not affiliated with or sponsored by Brazos Midstream or its ownership and have not been authorized by Brazos Midstream to use the "Brazos Amine Treater" or any other confusingly similar marks.

25. Defendants are using a mark confusingly similar to the Brazos Marks in commerce, in connection with overlapping services, provided to overlapping classes of customers through the same and overlapping channels of trade. Defendants' use of a mark confusingly similar to the Brazos Marks began long after Brazos Midstream had established rights in its marks, and after such marks had become well-known among the relevant public.

### IV.   EFFECT OF DEFENDANTS' ACTIVITIES

26. Defendants' unauthorized use of "Brazos Amine Treater" in commerce is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties at least as to any affiliation, connection or association of Defendants and/or its services with Brazos Midstream, or as to the origin, sponsorship, or approval of Defendants' services by Brazos Midstream.

27. Defendants' unauthorized use of "Brazos Amine Treater" falsely designates the origin of their services. The likelihood of confusion and dilution of the Brazos Marks is obvious.

28. Defendants' use of "Brazos Amine Treater" is likely to lead consumers seeking Brazos Midstream online to be at least initially interested, attracted, or distracted by Caracara's website promoting Brazos Amine Treater services, to Brazos Midstream's detriment and damage. Defendants' unauthorized use of a mark confusingly similar to the Brazos Marks enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Brazos Midstream over many years, and to gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of Brazos Midstream.

29. Defendants' unauthorized use of "Brazos Amine Treater" is likely to dilute and does dilute the distinctive quality of the Brazos Marks by blurring and tarnishing Brazos Midstream's famous marks.

30. Defendants' unauthorized use of a mark confusingly similar to the Brazos Marks unjustly enriches Defendants. Defendants have obtained and continue to obtain, through its trademark infringement, a benefit by taking undue advantage of Brazos Midstream's goodwill. Specifically, Defendants have taken undue advantage of Brazos Midstream by trading on and profiting from the goodwill in the Brazos Marks developed, nurtured and protected by Brazos Midstream over many years and substantial expense, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for its own business and services.

31. Defendants' unauthorized use of "Brazos Amine Treater" places the valuable reputation and goodwill of Brazos Midstream in the hands of Defendants, over whom Brazos Midstream has no control. Amine treating of natural gas involves the removal of high quantifies of hydrogen sulfide and is a highly hazardous operation which could lead to accidental damage or death if proper construction, operation and safety procedures are not carefully followed. In the event "Brazos Amine Treater" were to experience an accident, it could lead to massive confusion by the public and cause great reputational damage to Brazos Midstream and tarnishment of the Brazos Marks.

32. Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Brazos Midstream and to the public for which there is no adequate remedy at law.

## FIRST CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION

33. Brazos Midstream repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

34. Brazos Midstream's use of the Brazos Marks is in United States commerce in connection with the promotion and provision of its services.

35. The acts of Defendants complained of herein constitute trademark infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendants' acts of trademark infringement, false designations of origin, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION
## VIOLATION OF TEXAS ANTI-DILUTION LAW

37. Brazos Midstream repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

38. The Brazos Marks are distinctive and famous at least within the State of Texas, and became such prior to the acts of Defendants complained of herein.

39. Defendants' conduct described above is likely to cause dilution through blurring or tarnishment of the Brazos Marks and injure Brazos Midstream business and the distinctive quality of Brazos Midstream's marks in violation of Tex. Bus. & Com. Code §§ 16.29, 16.103.

40. Defendants' violations of the Texas Anti-Dilution Statute have been willful, entitling Brazos Midstream to the remedies specified in Chapter 16 of the Tex. Bus. & Com. Code.

41. Brazos Midstream has been and will continue to be irreparably harmed and damaged by Defendants' conduct and Brazos Midstream lacks an adequate remedy at law to compensate for this harm and damage.

## THIRD CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

42. Brazos Midstream repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

43. Defendants' acts described above trade upon the goodwill established by Brazos Midstream in the Brazos Marks and constitute unfair competition under the common law of the State of Texas.

44. Defendants' acts of unfair competition have been willful.

45. Brazos Midstream has been and will continue to be irreparably harmed and damaged by Defendants' conduct and Brazos Midstream lacks an adequate remedy at law to compensate for this harm and damage.

## FOURTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

46. Brazos Midstream repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

47. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

48. Defendants' acts of trademark infringement have been willful.

49. Brazos Midstream has been and will continue to be irreparably harmed and damaged by Defendants' conduct and Brazos Midstream lacks an adequate remedy at law to compensate for this harm and damage.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

50. Brazos Midstream repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully written herein.

51. The acts of Defendant complained of herein constitute unjust enrichment of Defendants at the expense of Brazos Midstream.

## PRAYER FOR RELIEF

WHEREFORE, Brazos Midstream prays for entry of an order and judgment that:

1. Defendants have engaged in trademark infringement, false designation of origin and unfair competition in violation of 15 U.S.C. 1125(a).

2. Defendants actions are likely to dilute the distinctive quality of the Brazos Marks mark in violation of Tex. Bus. & Com. Code §§ 16.29, 16.103.

3. Defendants have been unjustly enriched.

4. Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be permanently enjoined and restrained from infringing the Brazos Marks by:

    i. using the "Brazos Amine Treater" mark, "Brazos" or any other reproduction or colorable imitation of the Brazos Marks in a manner that is likely to cause confusion as to whether Defendants' services originate from Brazos Midstream, or as to an association, affiliation or connection between Defendants and Brazos Midstream;

    ii. using the "Brazos Amine Treater" mark, "Brazos" and any other reproduction or colorable imitation of the Brazos Marks in any manner so as to dilute the distinctive quality of the "Brazos Marks";

    iii. competing unfairly with Brazos Midstream in any manner, including use of the confusingly similar "Brazos Amine Treater" mark.

5. Defendants, pursuant to 15 U.S.C. § 1116(a), shall file with this Court and serve upon Brazos Midstream within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6. Defendants, pursuant to 15 U.S.C. § 1118 and Tex. Bus. & Com. Code § 16.104, shall deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all signage, advertisements, Internet postings and social media postings and other matter

in the possession, custody or control of Defendants bearing or displaying the "Brazos Amine Treater" mark;

7. Brazos Midstream be awarded Defendants' profits derived from Defendants' infringing acts pursuant to 15 U.S.C. § 1117 and Tex. Bus. & Com. Code § 16.104;

8. Brazos Midstream be awarded damages to compensate Brazos Midstream for Defendants' infringing acts and, pursuant to 15 U.S.C. 1125(c)(5), 15 U.S.C. § 1117, and Tex. Bus. & Com. Code § 16.104, such damages be increased up to three times as provided by applicable law;

9. Brazos Midstream be awarded punitive damages;

10. Brazos Midstream be awarded its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and Tex. Bus. & Com. Code § 16.104; and,

11. Brazos Midstream recover such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in accordance with Federal Rule of Civil Procedure 38(b).

Dated:  May 25, 2023

Respectfully submitted,

*/s/ Daniel L. Moffett*
Daniel L. Moffett
dmoffett@akingump.com
Texas Bar No. 24051068
AKIN GUMP STRAUSS HAUER & FELD LLP
112 E. Pecan Street, Suite 1010
San Antonio, Texas 78205
Telephone: 210.281.7155
Facsimile:  210.224.2035

Karol A. Kepchar (*pro hac vice* to be filed)
kkepchar@akingump.com
D.C. Bar No. 491701
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street NW
Washington, D.C. 20006
Telephone: 202.887.4000
Facsimile:  202.887.4288

Braden Allman
ballman@akingump.com
Texas Bar No. 24107690
AKIN GUMP STRAUSS HAUER & FELD LLP
201 Main Street, Suite 1600
Fort Worth, Texas 76102
Telephone: 214.969.4701
Facsimile:  817.886.5065

**ATTORNEYS FOR PLAINTIFF**